UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAMARA L COCHRAN-MAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-240 |
| | § | |
| WELLS FARGO BANK, NA, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is the "Motion of Assurant, Inc. to Dismiss the Complaint With Prejudice" (D.E. 36). A challenge to jurisdiction is treated as a facial attack under Rule 12(b)(1) if evaluated only on the pleadings. If, however, evidence is submitted, it becomes a factual attack under Fed. R. Civ. P. 12(b)(6). *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983).

Assurant, Inc.'s (Assurant's) initial briefing included evidence extrinsic to the pleadings in the form of the Declaration of Jessica M. Olich (D.E. 38-1). Upon challenge (D.E. 52), the Court refused to strike that evidence, treated the motion to dismiss as a factual attack on the Court's jurisdiction, and permitted the Plaintiff (Cochran-May) to conduct jurisdictional discovery, with additional time to respond to the motion to dismiss. The parties have now completed jurisdictional discovery and have provided thorough briefing of this Court's jurisdiction. (D.E. 38, 53, 62, 86, 100, 102, 112, 114, 115, and 117). For the reasons stated below, the motion to dismiss (D.E. 36) is GRANTED.

Assurant contends that it is not a proper party to this action and that Article III standing and subject matter jurisdiction are therefore lacking. In relevant part, Assurant demonstrated that it is not an insurance company, has never sold, underwritten, issued, or marketed insurance policies in the State of Texas, and is not an insurer of Cochran-May. Assurant further states that it has not contracted with Wells Fargo Bank, N.A. or Wells Fargo Home Mortgage, Inc. to force-place insurance and has never paid them commissions. Instead, Assurant argues, Cochran-May's allegations are only properly raised against its subsidiaries, Voyager Indemnity Insurance Company and American Security Insurance Company. D.E. 38-1.

Cochran-May has responded that Assurant is actually involved in the conduct of its subsidiaries. She argues that it is irrelevant that Assurant has no contractual relationship with Wells Fargo under her unjust enrichment claim. Assurant unjustly benefited from the force-placed insurance business that its subsidiaries conducted through their contracts with Wells Fargo. Cochran-May relies on the following issues reflected in the evidence:

- **Public Filings**. Assurant includes itself in representations in its public filings and website that "we" offer lender-placed homeowner's insurance and insurance-tracking to continuously monitor a client's mortgage portfolio for lapses in insurance coverage. *E.g.,* Assurant's 2011 Annual Report and Form 10-K, D.E. 27-13.
- **ASP Operating Segment**. Assurant uses a trademarked operating segment called Assurant Specialty Property (ASP), headed by Assurant officer and employee Gene Mergelmeyer, to recruit claims adjusters and other employees and to market insurance products. *E.g*., D.E. 100-2, 100-3.
- **Administrative Services**. Assurant allows the sharing of software and systems through its Shared Services Unit, provides management support functions, and has a Government Relations Department that addresses

> legislative and regulatory issues related to the force-placed insurance industry. *E.g.*, D.E. 100-2 (Exhibit 8); D.E. 100-3 (Exhibits 11, 13, 14).
> - **Consent Judgments**. Assurant has participated in agreements that end litigation regarding its subsidiaries' force-placed insurance activities. *E.g.*, D.E. 100-3 (Exhibits 15, 17).

The parties have brought to the Court's attention at least four cases that specifically address motions to dismiss in force-placed insurance-related actions against Assurant: *Roberts v. Wells Fargo Bank, N.A.*, No. 4:12-cv-200, 2013 WL 1233268 (S.D. Ga. March 27, 2013); *Rapp v. Green Tree Servicing, LLC*, No. 12-cv-2496, 2013 WL 3992442 (D. Minn. Aug. 5, 2013); *Simpkins v. Wells Fargo Bank, N.A.*, No. 12-cv-00768, 2013 WL 4510166 (S.D. Ill. Aug. 26, 2013); and *Xi Chen v. PNC Bank, N.A.*, No. 13-cv-762, 2013 WL 5565511 (W.D. Pa. Oct. 8, 2013). Three of those cases, *Roberts*, *Rapp*, and *Xi Chen*, dismissed the plaintiffs' claims. *Roberts* provides a detailed analysis of the same type of evidence offered by Cochran-May here.

This Court agrees with the analysis in *Roberts*. Evaluating the Rule 12(b)(1) motion as a factual attack on its jurisdiction, the *Roberts* court considered Assurant's affidavit evidence and held that no jurisdictional discovery was warranted. *Roberts, supra* at *4-5. In *Roberts*, as in this case, Assurant provided affidavit testimony that it had no contractual relationship with the lender or the plaintiff and that all business was conducted by its subsidiaries. The *Roberts* opinion determined that this prima facie evidence, if unrebutted, was sufficient to eliminate the plaintiff's allegations of standing. *Id*. at * 6.

The *Roberts* opinion then evaluated the plaintiff's evidence to see if it was of sufficient character to rebut Assurant's evidence. In particular, it set aside any question

of whether the "public filings" evidence was admissible and held that—in context— the evidence offered as "public filings" and "ASP operating segment" was not inconsistent with Assurant's status as a separate holding company and majority shareholder for the corporations that actually do engage in the force-placed insurance business. *Id.* at \*6-7. It then noted that a parent is not liable for its subsidiaries' wrongdoing absent pleading and proof of a basis to pierce the corporate veil, a matter that Cochran-May has not put in issue here.

While the *Roberts* court did not address the "administrative services" or "consent judgment" evidence offered here, the result is no different. Nothing in that evidence supplies a traceable link between the injury Cochran-May asserts and any conduct of Assurant. The general provision of administrative services and monitoring legislative and executive approaches to the insurance industry do not amount to obtaining Wells Fargo's force-placed insurance business, dictating the terms of the relationship between Wells Fargo and Assurant's subsidiaries, or determining the terms of the force-placed insurance such as backdating, coverage, pricing, or the allocation of premiums.

The consent judgments were entered without any admission of liability that would link Assurant to any conduct of the type made the basis of this action. In the New York Department of Financial Services Financial Fraud and Consumer Protection Division case, only the conduct of Assurant's subsidiaries was at issue and Assurant was expressly involved only to enforce the consent judgment against its subsidiaries. D.E. 100-3 (Exhibit 15, p. 8). In the Securities and Exchange Commission case, the issue was financial reporting to the SEC and the judgment makes no reference to the force-placed

insurance claims at issue here. D.E. 100-3 (Exhibit 17). The consent judgments do not support Cochran-May's assertion of standing in this case.

The *Xi Chen* opinion also treated Assurant's motion to dismiss as a factual attack on jurisdiction. It found the *Roberts* analysis persuasive and dismissed the claims against Assurant because the factual allegations did not support a plausible claim against Assurant sufficient to overcome the evidence that Assurant had no contractual involvement in the transactions made the basis of the claim. *Xi Chen, supra* at *4. The *Rapp* court chose to treat Assurant's evidence of no jurisdiction as a defensive matter and, instead, dismissed the claims against Assurant under Rule 12(b)(6) as factually insufficient to raise the complaint above the speculative level. *Rapp, supra* at *10, n.11, 10-11.

The only court to allow the claims against Assurant to proceed past the motion to dismiss stage was *Simpkins*. Its opinion is based on the "public filings" evidence, without reference to admissibility or context. Assurant has fully briefed case law addressing such evidence. It is clear that the public filings are the description not of Assurant's operations but the operations of its subsidiaries. It does not evidence control over those operations. *E.g.*, *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001) (*per curiam*); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2$^{d}$ Cir. 1998). This Court is satisfied that the "public filings" evidence must be taken in context, particularly given that, after discovery, Cochran-May cannot point to a single act by which Assurant participated in the conduct complained of or benefited from it in any manner other than that by which a shareholder benefits from its stock ownership.

Article III standing requires a showing of: (1) an injury in fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Cochran-May has not demonstrated that her complaints are fairly traceable to Assurant's actions and dismissal is proper for lack of jurisdiction pursuant to a factual attack under Fed. R. Civ. P. 12(b)(6). Alternatively, Cochran-May has not pled sufficient facts to elevate her claims against Assurant beyond the speculative level and dismissal is proper as a pleading matter under Fed. R. Civ. P. 12(b)(6). Consequently, the Court GRANTS the motion to dismiss (D.E. 36).

ORDERED this 3rd day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE